IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Horton, | ) |
|         Plaintiff, | ) C/A No. 3:07-2316-MBS |
| vs. | ) |
| Michael B. Donley, Secretary, Department of the Air Force, | ) **O R D E R** |
|         Defendant. | ) |

Plaintiff John D. Horton, appearing pro se, brings this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. §§ 2000e et seq.

This matter is before the court on motion for summary judgment filed by Defendant Secretary, Department of the Air Force, on September 5, 2008 (Entry 53). An order was filed September 8, 2008 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the consequences of failing to respond adequately. Plaintiff filed a response in opposition and cross-motion for summary judgment on October 14, 2008 (Entry 59). Defendant filed a response in opposition to Plaintiff's cross-motion on November 12, 2008. Plaintiff objected to the response as untimely on November 24, 2008.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 28, 2009, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge noted that Defendant's response to Plaintiff's cross-motion for summary judgment was untimely, and thus she

declined to consider it. Nevertheless, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted and Plaintiff's cross-motion for summary judgment be denied. Plaintiff filed objections to the Report and Recommendation on August 13, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff was employed at Shaw Air Force Base as a Library Technician (Medical) commencing August 30, 1999. Plaintiff was notified on March 15, 2000 that he would be terminated effective March 22, 2000. Plaintiff submitted a Charge of Discrimination to the office of the Equal Employment Opportunity ("EEO") Program of the Department of Defense on March 16, 2000, and a formal complaint alleging discrimination based on race, sex, and retaliation on May 25, 2000. The parties entered into a Negotiated Settlement Agreement ("Settlement Agreement") on September 13, 2000. The Settlement Agreement provided that the letter of termination dated March 15, 2000 would be removed from Plaintiff's personnel file and Plaintiff would be provided letters of recommendation. The Settlement Agreement further provided that, in the event of a breach, Plaintiff could "request the terms of the settlement agreement be specifically implemented or alternatively, that processing

of the complaint be continued from the point processing ceased under the terms of this [S]ettlement [A]greement." Entry 53-11, 2.

Plaintiff thereafter was unsuccessful in obtaining employment. Plaintiff brought an action alleging that offers of employment had been withdrawn or denied because of negative references given by officials at Shaw Air Force Base regarding Plaintiff. See generally Horton v. Roche, C/A No. 3:03-2443-MBS (Entry 1, 10-17). Plaintiff also alleged that he had been subjected to an "anti-EEO terrorist attack" at Pope Air Force Base in North Carolina. Id. Plaintiff asserted, therefore, that the Agreement had been breached. Id. The parties submitted to mediation, after which the court filed a consent order on July 18, 2006 (Entry 85). The consent order directed that Plaintiff's Title VII complaint would be reasserted from the point processing ceased, as set forth under the terms of the Settlement Agreement. Id.

It appears that the EEO case was reopened. A Final Agency Decision ("Decision") was issued on December 5, 2007. The Decision provided that the EEO considered the following claims:

> Whether the complainant was discriminated against and harassed based on race (Hispanic, sex (male), and/or reprisal (prior EEO activity) when:
>
> 1. on March 20, 2000, a medical assessment was done without his approval;
> 2. no performance rating was provided;
> 3. guidelines for preparing the AF Form 860A were not followed;
> 4. On March 20, 2000, he was given a "bar and ban" letter by the Wing Commander; and
> 5. On March 20, 2000, he was fired from his second job as the Assistant Librarian at the Recreational Services Library.

(Entry 53-18, 2-3)

A number of claims and allegations were dismissed as untimely or barred by a prior decision of EEO. See id. at 4, n.1. As to the remaining claims, "the decision [was] a finding of no

discrimination with regard to the matters raised in this complaint. We award no remedy, and we do not award attorney's fees or costs." Id. at 18. Plaintiff was notified that he could appeal the Decision to the Equal Employment Opportunity Commission. Id. He further was advised of his right to file a civil action. Id.

Plaintiff filed the within action on July 24, 2003, alleging that he "has had one job interview cancelled, three job offers withdrawn and been fired from three jobs because of the wrongful actions of the defendant in violating Title VII of the Civil Rights Act of 1964. In addition, the plaintiff has been the victim of anti-EEO terrorism, anti-EEO kidnapping, anti-EEO lynching, anti-EEO malicious prosecution, and anti-EEO false imprisonment all perpetrated by the defendant through his subordinate Air Force agencies and installations." (Entry 1, 8)

In her Report and Recommendation, the Magistrate Judge determined that (1) none of the claims raised in Plaintiff's complaint is encompassed within the claims properly raised to and ruled on in the Decision, and thus the claims have not been administratively exhausted; (2) with respect to any allegations of breach of contract contained within the complaint, Plaintiff has already received his remedy in previous litigation before this court; and (3) with respect to a new claim alleged for the first time in his cross-motion for summary judgment, such claim was not properly before the court. (Entry 74, 11-15)

## II. DISCUSSION

Plaintiff first contends that the Magistrate Judge erred in finding that he has failed to exhaust his administrative remedies. Plaintiff asserts that he is entitled to a trial de novo and no reference needs to be made to any of the administrative proceedings of either agency. Plaintiff contends that "[t]his court and the Fourth Circuit apparently are putting forth the completely ridiculous idea that

the facts and legal issues regarding a Title VII claim must all be crystallized and presented to the complained of agency within 30 days of their occurrence." (Entry 76, 2)

As originally enacted, Title VII did not apply to federal employees. Generally, claims of discrimination by federal employees were adjudicated by the agency accused of the wrongdoing and could not be appealed in federal court. See Pueschel v. United States, 369 F.3d 345, 352 (4th Cir. 2004). Congress amended Title VII by the Equal Employment Opportunity Act of 1972 to subject federal agencies to Title VII. Thus, Title VII now allows an aggrieved federal employee to commence a civil action in federal court for review of discrimination claims. Id. In providing federal employees a private right of action in federal court, the Act requires that federal employees exhaust their administrative remedies prior to commencing such an action. Id. (citing 42 U.S.C. § 2000e-16(c)). This requirement exists to minimize judicial interference with the operation of the federal government. Austin v. Winter, 286 F. App'x 31, 35 (4th Cir. 2008) (quoting Doe v. Oberweis Dairy, 456 F.3d 704, 712 (7th Cir. 2006)). The requirement affords an agency the opportunity to right any wrong it may have committed. Id. (quoting McRae v. Librarian of Congress, 843 F.2d 1494, 1496 (D.C. Cir. 1988)). Only those discrimination claims stated in the original charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit. Chacko v. Patuxent Institution, 429 F.3d 505, 506 (4th Cir. 2005) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996)). A plaintiff fails to exhaust his administrative remedies when his administrative charge references different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit. Id.

As the Magistrate Judge properly noted, the Title VII claims raised by Plaintiff were not raised in his EEO complaint, were not reasonably related to the EEO complaint, and do not appear to have been developed by reasonable investigation of the EEO complaint. Plaintiff's objection is without merit.

It does not appear that Plaintiff objects to the Magistrate Judge's findings regarding breach of the Settlement Agreement or raising a claim for the first time in a cross-motion for summary judgment. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge as to these issues.

### III. CONCLUSION

The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 53) is **granted**. Plaintiff's motion for summary judgment (Entry 59) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 27, 2009.

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order**
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**